The court took time to consider.
By the court. 27th November, 1805. All the judges concurring. This motion cannot be supported. There is no authority to be found to give any such effect to the admission, of acknowledgment, of an executor, or administrator.
Wilds, J.,
The opinion of which, although it was not delivered, is as follows:
This appears to me a case of considerable difficulty. It seems to involve principles not satisfactorily settled, as important to the interests of the community, as necessary to be generally understood. How far the powers and duties of an executor or administrator extends, where his representative capacity terminates, and his personal liability commences, is as interesting to those who have claims on estates, as to executors and administrators, to know. In forming an opinion on this subject, I find, after a pretty diligent examination of such authorities as have fallen in my way, much assistance is not to *532 be expected from settled adjudications; few being found to bear on the case, and these not easily reconciled. Two questions arise out of the brief in this case : 1. Is this acknowledgment of the administrator, a promise on his part, sufficient to take the demand out of. the act of limitations, and charge the estate ! 2. Is it sufficient to charge the defendant personally 1
1. The act of limitations was passed for the purposes of preventing litigation, by promoting promptitude in settlements, and silencing stale and dormant claims. It is founded on the supposition that longer periods than those mentioned in the act, are unnecessary for the adjustment of transactions to which they refer'; and authorizes the presumption, that after those periods, such demands are settled. It is founded more in policy than Justice ; and although it. takes away the remedy, does not destroy the right; for a debt, or duty, once fairly contracted, remains such, to every moral purpose, until fairly discharged, notwithstanding the means of its enforcement be removed. This act, the policy of which has been so extolled by the ablest judges,* very frequently sacrifices private right for general convenience; and I have sometimes thought, has occasioned as many evils as it has prevented. So sensible are the courts of this truth, that we observe them laying hold, with avidity, of the «lightest acknowledgment, or most equivocal expression, to protect a just debt from the operation of this act. The cases of Bland v. Hasbrig, 2 Vent. 151; Heyling v. Huskins, Salk. 29; Yea v. Tonraker, 2 Burr. 1099; Lloyd v. Maund, 2 T. R. 760; are, amongst others, instances of this kind. Any promise, therefore, by a person having authority, or any acknowledgment which admits the demand is unsatisfied, revives the remedy for the recovery of the right, which never ceased to exist. Had the promise in this case been made by the intestate himself, at any time within four years before bringing the action, there could not be raised a doubt. Acknowledgments, far more slight, would have been sufficient to prevent the operation of the act. But the acknowledgment, in this case, was made by the administrator, and whether ttys is sufficient, js far more difficult to decide.
It was mentioned in argument, that there is n.o difference in principle, whether the acknowledgment, which is to prevent the operation of the act, is made by the party himself, or his personal repre sentative; and, indeed, when it is recollected that such acknowledgment in neither ease creates a debt, but only revives a remedy • that the act is a bar, which neither is bound to interposo, unless he' *533 dioses to do so; that the personal representative has the management of the funds of the debtor, originally hable to this debt, and is most commonly the confidential friend of the deceased, and well acquainted with all his wishes and iutentions; there seems reason „ , „ , . . for such an opinion, liut, upon a more close examination ot tneir respective powers and capacities, there appears a very manifest distinction between them. The debtor himself received the consideration on which the contract was formed. As having sovereign control over his estate, ho may dispose of it as he pleases : He may make .or discharge contracts ; change the nature of his debts from simple contracts to specialties ; pay off one creditor in preference to others; or, for bona fide consideration, may dispose of all bis property to whom he pleases, and thereby defeat the whole of his •creditors. His contracts are personal, and his person ultimately liable for their satisfaction. With him, a slight circumstance will prevent the operation of the act of limitations, the original considerations which occasioned the contract always existing in conscience until discharged, as a basis to which such circumstances will attach. But, with the executor, or administrator, the case is different. He is a stranger, in his personal capacity, to the original contract, and has no personal liability to its operation. Ho has no personal interest in, or control over the estate of the debtor. He represents ..the deceased for particular purposes. His powers are ascertained and defined, and his discretion subject to control. The laws direct the manner in which he shall manage the estate in his hands, and the order in which he shall pay its debts: He may discharge old debts, but cannot contract new ones : For an executor, or administrator, as such, can enter into no contract which will bind him in, that capacity: He can neither change the nature of the debts due to the estate, or those due by it, without becoming personally liable. If an executor take an obligation for a debt due to his testator on simple contract, he has made the debt his own, and is chargeable with the original, debt as assets. 2 Bac. Abr. 441. So if an executor obliges himself to pay a debt of his testator due by contract, in debt against him on this obligation, the writ must be in the debit and detinet, because the obligation makes the debt his own. Ib. 444. An executor as such, cannot be charged either for money bad and received by him, money lent to him, or an account stated by him ; but for all these he is personally liable. Nor can he, as such, be sued for a legacy left by the testator, though there be assets ; but if liable in a court of law at all, it must be personally upon an express promise on good consideration, reduced to writing : for the representative- of a testator can be sued on no contract *534 not made by the testator. Rose and wife v. Executors of Bouler, 1 H. Bl. 108. Deeks and wife v. Street, 5 D. & E. 690. In the case of Thing v. Thom, 1 D. & E. 489, it is said by Büimr, J. that though a bill of exchange may be indorsed to executors as such, and is assets in their hands, yet if they undertake to indorse it, they are personally liable. It is evident, therefore, an executor or administrator cannot, by his promise, subject the estate in his hands, or in any wise vary the nature of its debts. He is to discharge them in the order he finds them, according to the several classifications which the law has made of them, and has no kind of discretion left to exercise. Perhaps it would be dangerous were it otherwise. . Could an executor or administrator buy his contracts, he might, by changing simple contract debts into specialties, destroy the priority secured to this class of creditors ; or by giving a morígage to some favorite creditor, defeat the claims of all the rest. He might, in a variety of other ways, abuse the trust committed to him. No tribunal, except the Court of Equity, could restrain him ; and that not always efficaciously. The promise, therefore, which the defendant has made in this case, gave the plaintiff no right on the estate which he did not possess before ; and if, of any validity, must affect the defendant personally. But, it is said, as an executor is not bound to plead the act of limitations, but may pay debts barred according to their nature, as well as those not barred, a promise of the kind made in this case, would be considered a waiver of the plea, and may be so pleaded. The counsel for the defendant, on the argument, cited one case which gives some colour to this opinion; and after a diligent search, I have been able to find but the one, and this appears as a mere dictum extracted from the principal case, while I have been as yet unable to lay my hands on any other. The case is Andrews v. Brown; and the position alluded to is found in 3 Bac. Abr. 518, which refers to 1 Eq. Ca. Abr. 306; in both which books I have seen it in the same words, viz. “ It has been ruled in Equity, that if a man has a debt due to him by note or book-debt, and has made no demand of it for six years, so that it is barred by the act of limitations, yet if the debtor, or his executor, after the six years, put out an advertisement in the Gazette, that all persons having any demands owing to them, may apply at such a place, and they shall be paid; this, though general, and might therefore be intended of legal subsisting debts, amounts to such an acknowledgment of the debt which was barred, as will revive the right, and bring it out of the statute.” Not having an opportunity of seeing the case at length, it is impossible for me to form an opinion, whether from its particular circumstances, it may *535 not be reconcilable with other cases. But as to the doctrine in general, I think it as objectionable in principle, as in form. In principle, it would charge the estate by the undertaking of the executor. In form, it would blend in the same pleadings the promise of rthe testator and executor. The plaintiff would be obliged to set out the promise of the executor in his replication, which he could not-do, without a departure in pleading. ’ 4 Bac. Abr. 123. The promises are different; so are the persons making them — so the -judgments for the breach of them. Executor brings debt; the statute is pleaded; executor cannot reply a promise to himself. He should declare on a promise to himself. 2 Ld. Raym. 1101. 1 Salk. 28. 4 Bac. Abr. 518.
Suppose the promise to amount to a promise to waive the benefit of the act of limitations, may not the executor retract and plead it? Can the court refuse the plea? I apprehend not. If an executor be liable, it must be personally, and not as executor. He cannot be personally liable, as the promise would be unsupported by any consideration. The act was not pleaded, very probably, in the case of Andrews v. Brown. The question was perhaps between the creditors. The advertisement of the debtor himself, or where he desires by his will that all his debts should be paid, may well take a ease out of the statute, and revive the remedy. The debt is still due in conscience. The evidence of the first promise was barred, but not the duty or debt- — which still subsisting, the subsequent acknowledgment revived the first promise, and made the evidence of it admissible and sufficient.
2. But is this promise sufficient to render the defendant liable de bonis propriis? By the statute of frauds, 29 C. 2, c. 3, an executor is not liable on any promise made on account of his testator, unless such promise be made in writing. From the brief, however, it does not appear whether the promise was in writing or not. Admitting it was in writing ; is it then such a promise as will support an action ? The statute of frauds requires, that before an executor shall be charged for any promise made on account of the estate in his hands, he must undertake in writing : but the converse of the proposition does not follow, viz. that he shall be liable in all cases where he undertakes in writing. All contracts, not under seal, remain as' at common law, parol, and which, to be enforced, must be supported by a good consideration. In the case of Rann v. Hughes, decided in the House of Lords, cited in the case of Mitchenson v. Hewson, 7 D. & E. 350, the doctrine on this subject is fully explained. That was a case precisely like the present. The intestate there owed a snm of money. The *536 administrator bad assets, and was bound to pay. He promised td do so, generally, as in the present case. It was decided, that a promise shall be considered as co-extensive with the consideration, If a person indebted in one right, in consideration of forbearance for a particular time, or the like, promises to pay in another right, here the convenience would be a sufficient consideration to warrant charging him personally in that right. But if a person promise, generally to pay, what he was liable to pay in another, right, he derives no advantage or convenience 'from this promise,- and therefore, it is not a sufficient consideration to support such prorriise. So iri the present case; the defendant receives no forbearance or other convenience, but promises generally to pay a debt which, as administrator, he was before bound to pay ; Such promise is without any consideration, and is therefore void.
The cases of Atkins and wife v. Hill, Cowp. 284; Hawkes and wife v. Saunders, Ib. 289, go upon the express promise of the ex-eciitor in consideration of assets. These cases, however, are said to be contrary to former decisions, and certainly are not law, in the latitude laid down by Lord Mansfield. See H. Bl. Rep. 108. 5 D. & E. 690. Upon the whole, I am of opinion, that the defendant is liable in neither capacity to the plaintiff, and that the motion for a new trial Should be discharged.
Note. See Wallace's Rep. 66. Cowan v. Maguaran. Q; Whether the acknowledgment, or admission of the debt by the debtor, is to be considered as a new contract, or as reviving the original contract? See Ch. Prec. 385. Andrews v. Brown. 3 Bac. Abr. 518. Eq Abr. 1 Ld. Raym. 421. Doug. 629. 4 Co. 8. Co Litt. 115.
See 2 H. Bl. 128. Ib 86. 2 Saund. 117, e. note, 2. 3 Wentw. Plead. 71. See 1 H. Bl. Rep. 102, Secar v. Atkinson’s administratrix, &c. Tho action was against the administratrix on promises of the intestate — one count in the declaration was, that the plaintiff accounted with tha defendant as administratrix, as aforesaid, &c. Per Heath, J.. This is the common mode o‘f declaring against executors and adrtliuistrators, to save the Statute of limitations'. It does not make tho administratrix personally liable.
See 2 Hayw. 282, per Marshall, C. J. of the U. S. I doubt whether the admission of the debt by an administrator, would take tho case out of the statute of limitations. The admission may be twenty years after the debtor's decease.
■ If an' executor bring an action on a promise made to his testator, and defendant plead that ho made no promise to the testator within six years, if issue be joined' thereon, a promise to the executor within six years will not maintain the action. Salk. M. Sa. Buller’s Nisi Prius, 150. Lutw. 261. 15 Vin. Abr. 103. See 1 Han. & Mun. Per Marshall, C. J. in 2 Hayw. 283. A count upon the intestate’s promise, and upon that of the administrator, to' pay thé debt of the lutes* t.lte, may be joined. See 1 H. Bl. 104.
See 2 Hayw. 6, 7, Cobham v. administrators of Williams and Haywood, Justices. Admission of the’ intestate's signature, is not an absolute qjB *537 mission of the debt — but saying in addition thereto that all his just debts shall be paid, is equivalent to saying that the debt is just, and shall be paid. The admission of one defendant, in ordinary cases, avoids the act as to his co-defendants. Doug 652. A fortiori, the admission of. one of several defendants, administrators, has the same effect The admission revives the promise, 2 Burr, 1099, and destroys the presumption of satisfaction from lapse of time — gives no new cause of action. See 2 Hayw. 7.
See 6 Johns. 112 t ■ 120. To take the case out of the statute of limitations* declaration may state that the testator being indebted, after his death, in consideration thereof, executor promised, &c and set up every defence he could against the testator, and judgment will be de bonis testatoris, si non, 8¡c.

 See 1 Bl. Rep. 287. 1 Bacon Abr. 8. 1 Ld. Raym. 389.